The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DANA LEWIS MCDONALDS, LLC, | ) | CASE NO. 10-60002 |
| | ) | ADV. NO. 10-6030 |
| Debtor. | ) | |
| | ) | JUDGE RUSS KENDIG |
| TOMTREYCO UHRICHSVILLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DANA LEWIS MCDONALDS, LLC, et al., | ) | **(NOT INTENDED FOR PUBLICATION)** |
| | ) | |
| Defendants. | ) | |

    This adversary was commenced with Debtor's filing of a Notice of Removal on April 2, 2010, resulting in removal of a case originating in the Stark County Court of Common Pleas to the bankruptcy court. The state court action was on appeal to the Fifth District Court of Appeals in the State of Ohio. After the removal, Debtor's filed a motion for limited remand, seeking to remand the case back to the appellate court. Plaintiff's filed a motion to dismiss, or alternatively, for remand. A hearing was held on April 29, 2010. Gary A. Corroto, counsel for Plaintiff, and Bridget Aileen Franklin, counsel for Debtor, participated in the hearing.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

At the hearing, the Court announced its proposed decision, which granted Plaintiff's motion to remand and extended Debtor's deadline to remove an action to the bankruptcy court, thereby providing Debtor an opportunity to seek removal of the action at a later date. The Court permitted parties to file comments and objections through Thursday, May 3, 2010. Plaintiff filed a partial objection to the proposed decision, arguing that Debtor had failed to timely request an extension of the deadline for filing a removal action, making the relief unavailable.

Plaintiff's objection is two-pronged. First, Plaintiff suggests that Debtor did not request the relief, extension of the removal deadline, prior to the expiration of the deadline. This argument is unpersuasive. Although the Court was not presented with a pleading titled "Motion to Extend Time for Removal," tantamount relief was sought by Debtor in the notice of removal coupled with the motion for limited remand. Filing a motion to extend the removal deadline after the removal was filed would create a recognizable incongruity. Functionally, there is no difference between granting the motion for limited remand and taking the action proposed by the Court. Procedurally, the Court's proposal will eliminate split jurisdiction resulting from a limited remand. It would also eliminate the need to come back to this Court if the appellate court finds in Plaintiff's favor. Rule 9006(b)(1) provides discretion to the Court to enlarge a deadline, for cause, with or without motion, when the original deadline did not expire. Since the removal action was timely filed, the deadline did not expire.

Second, Plaintiff argues, to the extent a request for an extension of the Federal Rule of Bankruptcy Procedure 9027 was made, it was untimely and therefore Debtor must prove excusable neglect for its failure to timely file the motion. For the reasons stated above, the Court finds the motion was not untimely. But Plaintiff does not argue Debtor was not entitled to an extension when the removal action was filed. Rather, Plaintiff seeks to elevate form over substance, which the Court is not willing to do, in spite of the lack of convention.

Both parties agree that the appellate court should determine the appeal. Consequently, it will be remanded to the state court, but the deadline to remove the action to the bankruptcy court shall be extended.

An order shall be issued in accordance with the above.

#   #   #

**Service List:**

Gary A Corroto
220 Market Ave. South
Eighth Floor
Canton, OH 44702-1409

Bridget Aileen Franklin
Brouse & McDowell, LPA
388 S. Main St.
#500
Akron, OH 44311

Owen J. Rarric
Krugliak, Wilkins, Griffiths & Dougherty
4775 Munson St NW
PO Box 36963
Canton, OH 44735-6963